IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C.-Atlanta

MAR 28 2006

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) ) COLONIAL PROPERTIES TRUST, ) ) Defendant. ) ) | CIVIL ACTION NO. **06 CV 0712-JTC** JURY TRIAL DEMAND COMPLAINT |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (pregnancy) and to provide appropriate relief to Julie Millar (hereinafter referred to as "Millar") who was adversely affected by such practices. The Commission alleges that Millar was not offered a position of employment and/or was otherwise denied equal employment opportunities because of her sex (pregnancy) after she informed Defendant that she was pregnant.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section

1

706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981A.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706 (f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Colonial Properties Trust (hereinafter referred to as "Defendant Employer") has continuously been a corporation doing business in the state of Georgia and the city of Atlanta, and has continuously maintained at least fifteen (15) employees.

5. At all relevant times, Defendant Employer has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

2

## STATEMENT OF CLAIMS

6.  More than thirty (30) days prior to the institution of this lawsuit, Millar filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.  On or about May 2004, Defendant Employer engaged in unlawful employment practices at its Atlanta, Georgia facility in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a). The practices include failing to offer Millar an employment position because of her sex (pregnancy).

8.  The effect of the practices complained of above has been to deprive Millar of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex (pregnancy).

9.  The unlawful employment practices complained of above were, and are, intentional.

10. The unlawful employment practices complained of above were, and are, done with malice or with reckless indifference to the federally protected rights of Millar.

## PRAYER AND RELIEF

**WHEREFORE,** the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in discriminating against and failing to hire an employee because of her sex (female), and any other employment practice which discriminates on the basis of sex.

B.   Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C.   Order Defendant Employer to make whole Millar, by providing appropriate back pay with prejudgment interest in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place instatement or front pay for Millar.

D.   Order Defendant Employer to make whole Millar by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, in amounts to be determined at trial.

E.   Order Defendant Employer to make whole Millar, by providing compensation for past and future non-pecuniary losses resulting from the unlawful

practices complained of above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

  F. Order Defendant Employer to pay Millar punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

James L. Lee
Deputy General Counsel

Gwendolyn Y. Reams
Associate General Counsel

Gerald Kiel
Acting Regional Attorney
Georgia Bar No. 417300

*Lakisha Duckett*
Lakisha Duckett
Trial Attorney
Georgia Bar No. 231641

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION - Atlanta District Office
100 Alabama Street, S.W. - Suite 4R30
Atlanta, Georgia 30303
(404) 562-6815, (404) 562-6932